UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Deonta Duwand Simpson,

               Petitioner,    Case No. 24-cv-10954

v.                                   Judith E. Levy
                                     United States District Judge

Fredeane Artis,

                                   Mag. Judge Elizabeth A. Stafford

               Respondent.

_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS [10]**

This is a habeas action filed under 28 U.S.C. § 2254, by Petitioner Deonta Duwand Simpson, a Michigan prisoner who is self-represented. Simpson challenges his Jackson County Circuit Court convictions for possession of methamphetamine with intent to deliver, Mich. Comp. Laws § 333.7401(2)(b)(i), and possession of cocaine with intent to deliver, Mich. Comp. Laws § 333.7401(2)(a)(iv). (ECF No. 1.) Before the Court is Respondent's motion to dismiss this petition with prejudice because it is duplicative of a previous petition. (ECF No. 10.) Simpson has not opposed the motion, and his deadline to do so has elapsed. For the reasons set forth below, the motion to dismiss is granted.

Simpson filed this petition on April 11, 2024. He seeks relief on the grounds that the trial court erred in denying his motion for a new trial and his defense attorney labored under a conflict of interest. (ECF No. 1, PageID.7–11.)

A few weeks before filing this petition, on March 25, 2024, Simpson filed a petition for writ of habeas corpus challenging the same convictions challenged in this petition and raising identical claims. *See* Pet., *Simpson v. Artis*, No. 24-10753 (E.D. Mich. Mar. 25, 2024), ECF No. 1. The Court recently granted Simpson's request to stay the earlier-filed case to allow him to exhaust state-court remedies. *See* Order Granting Pet'r's Mot. to Hold the Habeas Pet. in Abeyance, *Simpson v. Artis*, No. 24-10753 (E.D. Mich. May 14, 2025), ECF No. 10.

Respondent moves to dismiss this case because it is duplicative of the earlier-filed habeas case. "[A]s part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit." *Sanders v. Washington*, 582 F. Supp. 3d 543, 547 (W.D. Mich. 2022). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the

2

same defendant at the same time." *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (quotation omitted; alterations in original).

Simpson's current habeas petition is identical to his first habeas petition. Both cases seek the same relief against the same respondent, challenge the same convictions, and raise the same legal arguments. *Id*. The petition for a writ of habeas corpus must, therefore, be dismissed.

Accordingly, the Court GRANTS Respondent's motion to dismiss (ECF No. 10) and the petition is DISMISSED. This dismissal is without prejudice to a decision on the merits in Case No. 24-10753.

The Court DENIES a certificate of appealability because jurists of reason would not debate that the present petition is duplicative of the earlier-filed petition. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

The Court also DENIES Petitioner leave to proceed on appeal *in forma pauperis* because an appeal would be frivolous.

    IT IS SO ORDERED.

Dated: September 4, 2025    s/Judith E. Levy
    Ann Arbor, Michigan    JUDITH E. LEVY
                                            United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2025.

                                            s/Sandra Osorio
                                            SANDRA OSORIO
                                            Case Manager